# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY NED CLARK, et al., | : | |
| Plaintiffs, | : | Case No. 3:11cv00273 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| VILLAGE OF ENON, et al., | : | |
| Defendants. | : | |

## ORDER

This case is presently before the Court upon Defendant Troy Callahan's Motion to Dismiss Plaintiffs' Complaint for Failure to Prosecute (Doc. #32), Plaintiffs Larry and Mary Clark's Motion for Extension of Time to Respond to Defendant's Motion for Judgment on the Pleadings (Doc. #34), Defendant Callahan's Memorandum in Opposition to Plaintiffs' Motion for Extension of Time to Respond (Docs. #38, 39), Plaintiffs' Amended Motion for Extension of Discovery Period (Doc. #37), and the record as a whole.

Plaintiffs Larry and Mary Clark bring this case against Defendants Village of Enon, Clifford Vernon, and Troy Callahan, alleging numerous violations of 42 U.S.C. § 1983; Malicious Prosecution; Malicious Abuse of Process; False Arrest and Imprisonment; Conspiracy; and Intentional/Negligent Infliction of Emotional Distress. (Doc. #6). Plaintiffs also bring a claim for Defamation against Defendant Vernon. (*Id.*).

On July 2, 2012, Defendant Callahan filed a Motion for Judgment on the Pleadings (Doc. #28), pursuant to Fed. R. Civ. P. 12(c).  On September 5, 2012, Defendant Callahan filed a Motion to Dismiss Plaintiffs' Complaint for Failure to Prosecute (Doc. #32), in which he requested the Court dismiss Plaintiffs' claims against him, with prejudice and for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  (Doc. #32).  Specifically, Defendant argues that dismissal is warranted because Plaintiffs "have not timely (or ever) provided Defendant Callahan a copy of Plaintiffs' expert's report(s) [pursuant to Rule 26(a)(2)(B)], or the subject matter and summary of facts and opinions for any experts not required to prepare reports, [pursuant to Rule 26(a)(2)(B)]." (*Id.* at 1) (brackets in original).  Defendant also notes that Plaintiffs have not submitted a settlement demand, responded to his "First Interrogatories and First Requests for Production of Documents," nor filed a memorandum in opposition to his Motion for Judgment on the Pleadings.  (*Id.* at 1-2).  In response, Plaintiffs filed a Motion for Extension of Time to Respond to Defendant's Motion for Judgment on the Pleadings (Doc. #34).  Plaintiffs' counsel explains that he "inadvertently missed the electronic filing of the initial motion and had therefore not responded to same within the appropriate time allotted." (*Id.*).  Plaintiffs' counsel requests an extension of time until October 5, 2012, to respond, and notes that Defendant would not be prejudiced as a result.

Although Fed. R. Civ. P. 41(b) provides district courts with the authority to dismiss an action for a plaintiff's failure to prosecute, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme

2

situations showing a clear record of contumacious conduct by the plaintiff." *Wu v. T.W. Wang*, 420 F.3d 641, 643 (6th Cir. 2005).

Four factors are considered in determining the appropriateness of dismissal pursuant to Rule 41(b) for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted).

The issues raised by Defendant, although taken seriously by this Court, do not warrant dismissal of Plaintiffs' claims.  Specifically, Plaintiffs were not provided with any warning of a potential dismissal of their case based on counsel's alleged deficiencies, nor were other "less drastic" sanctions considered.  Furthermore, the United States Court of Appeals for the Sixth Circuit has expressly stated its reluctance to uphold a district court's dismissal of a case based on an attorney's behavior.  *See Knoll*, 176 F.3d at 363 ("This court has been 'reluctant to uphold the dismissal of a case . . . merely to discipline an errant attorney because such a sanction deprives the client of his day in court.'" (quoting *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992))).  Sanctioning the attorney would likely be a more appropriate action.  *See Coleman v. American Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994) ("we have increasingly emphasized directly sanctioning the delinquent lawyer rather than an innocent client.") (citation omitted).

Although similar conduct in the future may be handled differently, the Court does not find sanctions against Plaintiffs' counsel warranted at this time. The Court does not believe the alleged deficiencies were anything but an unfortunate oversight, for which Plaintiffs' counsel is acting in good faith to address. Moreover, Plaintiffs' counsel is not errant: he quickly responded to Defendant Callahan's Motion to Dismiss, noted the error, and requested an extension of time to respond. The Court does not have reason to believe similar issues will continue to occur, nor does it find such conduct to be contumacious. Furthermore, a short extension of time for Plaintiffs to respond to the Motion for Judgment on the Pleadings (Doc. #28) will not be prejudicial to Defendant. Plaintiffs are advised that future failure to comply with the Court's orders may result in dismissal with prejudice.

Plaintiffs also request an extension of sixty days to complete discovery, and indicate Defendants have agreed to such an extension. Plaintiffs' counsel notes that such a request is needed to allow for the scheduling of "three to four days of depositions." The Court is understanding of the parties' need for an extension of time to facilitate the scheduling of depositions, but finds an extension of (30) thirty days appropriate for such a request. Accordingly, the Preliminary Pretrial Order (Doc. #18) is amended as follows:

| | | |
|---|---|---|
| 10. | Discovery deadline: | **December 3, 2012** |
| 11. | Telephone status conference following discovery to discuss possible alternative dispute resolution mechanisms: | **TBD** |
| 12. | Cut-off date for filing summary judgment motions: | **January 3, 2013** |

**All other dates remain unchanged.**

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Troy Callahan's Motion to Dismiss (Doc. #32) is DENIED;

2. Plaintiffs' Motion for Extension of Time to File Response/Reply to Defendant's Motion for Judgment on the Pleadings (Doc. #34) is GRANTED, and Plaintiffs' Response is due **on or before October 5, 2012**;

3. Plaintiffs' Amended Motion for Extension of Time to Complete Discovery (Doc. #37) is GRANTED, in part, and DENIED, in part, as set forth above; and,

4. Plaintiffs' First Motion for Extension of Time to Complete Discovery (Doc. #35) is DENIED as moot.

September 19, 2012

    s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge